J-S21027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTOPHER NGUYEN | : | |
| | : | |
| Appellant | : | No. 1203 MDA 2021 |

Appeal from the PCRA Order Entered August 30, 2021,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0005541-2005.

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED:  JULY 26, 2022**

Christopher Nguyen appeals from the order denying his third petition filed pursuant to the Post Conviction Relief Act ("PCRA") as untimely filed.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

In 2006, a jury convicted Nguyen of third-degree murder, conspiracy, and related charges as a result of the death of Huey Pigford ("the victim"). Previously this Court cited the trial court's summary of the pertinent facts as follows:

> In the early morning hours of June 5, 2005, a group of people gathered in the apartment of one Michelle Grubb (Grubb), located at 710 North Second Street in Reading, Berks County, Pennsylvania.  [Nguyen] was among the six or seven males who came to the apartment for a get-together.  Within an hour of everyone arriving, a bottle was dropped from the third[-]floor fire

_____

[*] Retired Senior Judge assigned to the Superior Court.

escape outside of Ms. Grubb's apartment. At that point, Ms. Grubb's neighbor, Huey Pigford ('Big Man') called her to come downstairs. Big Man was standing by the alleyway with two other men, Mikey and Jason, Grubb went down to speak to him and he told her someone had dropped a bottle from her fire escape. Big Man said 'we need to get this cleaned up because kids play here.' Grubb told Big Man she would take care of it and that she was trying to get the guys to leave. When Grubb asked the men to leave, they told her they were waiting for their ride. They left within ten or fifteen minutes and she then locked the door. Within a couple of minutes, Grubb heard a lot of gunshots fired.

On that weekend, Amy Incledon (Incledon) was staying with Grubb in her apartment. Incledon saw [Nguyen] who she knew as 'Chris' at the party. She also saw Dontrell Gonzalez in the apartment; she testified that he had a gun in his pants. The men were arguing whether to pick up the glass from the dropped beer bottle. Incledon also heard the gunshots after the men left the apartment.

Wendy Collado (Collado) lived next door to Big Man. On the night in question, Collado and her children were sleeping when she heard several gunshots and Latricia Diggs (Diggs) began knocking on her window, telling her to call 911. Diggs asked for the keys to [Collado's] vehicle to transport Big Man to the hospital. Collado saw Big Man at the bottom of the steps right in front of her apartment. Big Man was standing there, holding his side. Collado gave Diggs the keys and went back inside, locked her doors and stayed in her living room. Collado never saw Big Man nor Diggs with a gun and a subsequent search of her vehicle did not produce one.

On the night in question, Rosalinda Cruz (Cruz) was walking in the area of the 700 block of North Second Street in Reading, with two other young women, her cousin and a friend, when they stopped to talk to some males. Her [cousin] Nashieda was talking to Andrew Gonzalez and Dontrell Gonzalez. Cruz testified that the first car that came up to them had [Nguyen] in it. [Nguyen's] car was on the right side of Front Street. One Nelson Concepcion was in one of the cars. The males told these girls that they were going to a party and asked them to come along. Cruz said her friend Erica liked [Nguyen], so they wound up going with them.

Cruz was in Grubb's apartment when Nelson Concepcion threw the beer bottle off of the fire escape. She heard yelling back

and forth and her name being called, telling her and her friends to 'get their butts outside.' She went down on the side where Big Man, Jason and Mike were standing. Her cousin offered to pick up the broken pieces of glass but Big Man wouldn't allow it. He wanted Nelson to come [and] pick it up. Nelson then got on the phone and made a call, saying, 'Yo, we got problems. I need you to come handle this.'

Within five minutes, Cruz saw [Nguyen] come around the corner, and [Nguyen] asked, 'Is there a problem?' Big Man replied, 'I don't know, is there a problem?' Cruz saw [Nguyen] go behind a van and she heard a sound like 'cocking it back.' Big Man told the girls to run; Cruz said she started taking off and all she heard was boom, boom, boom, shots being fired. She ended up in-between two cars, kneeling down and screaming. She then saw [Nguyen] come back out, running across the street towards Big Man. She testified that [Nguyen] just stated shooting boom, boom, boom, boom, boom. She didn't know what type of gun it was but she knew it was black. [Cruz] did not see Big Man with a gun, Cruz said the gun in [Nguyen's] hand was approximately eight inches long. The record also showed that [Nguyen] was not licensed to carry a firearm.

Dr. Barbara Bollinger performed the autopsy on the victim, Big Man. She determined that the cause of death was a gunshot wound to the chest.

*Commonwealth v. Nguyen*, 990 A.2d 50 (Pa. Super. 2009), non-precedential memorandum at 1-3 (citations omitted).

Nguyen was tried before a jury along with Gonzalez' brothers. Relevant to the instant appeal, Matthew Branford testified that all three men are his first cousins. He further testified that, in late June of 2005, they stayed with him, and the police arrested all three of them at his residence. Branford also testified that he met with a detective in the case about guns. According to Branford he told the detective that "Dontrell has a .40 caliber, [Nguyen] has a .32 and Andrew had a 9 millimeter." N.T., 6/5/06, at 47.

On cross-examination by trial counsel, Branford confirmed that he was in jail at that time of trial. When asked what he had been promised for his testimony, Branford responded, "Absolutely nothing." *Id.* at 50. When questioned further, he denied that he ever asked the detective if he could get any "consideration" for his testimony. *Id.* at 51.

On June 8, 2006, the jury convicted Nguyen as noted above. On July 28, 2006, the trial court sentenced him to an aggregate term of twenty to forty years of imprisonment. Nguyen appealed to this Court, and we affirmed his judgment of sentence after determining that all his issues were waived. *See Commonwealth v. Nguyen*, 931 A.2d 50 (Pa. Super. 2007). Thereafter, Nguyen filed a PCRA petition, and, on January 16, 2009, the PCRA court reinstated his appellate rights *nunc pro tunc*.

Nguyen filed an appeal to this Court in which he claimed that the evidence was insufficient to support the jury's determination that the Commonwealth had disproved his claim of self-defense, as well as a challenge to the weight of the evidence supporting his convictions. Finding no merit to these claims, we affirmed his judgment of sentence on December 24, 2009. *See Nguyen*, *supra*. Our Supreme Court denied Nguyen's petition for allowance of appeal on June 15, 2010. *Commonwealth v. Nguyen*, 996 A.2d 1068 (Pa. 2010). Nguyen did not seek further review.

On May 11, 2011, Nguyen filed a *pro se* PCRA petition.[1]  Among the issues raised therein, Nguyen claimed that trial counsel was ineffective for failing to object to the false and perjured testimony of Branford during trial and for failing to move for a mistrial.   The PCRA court appointed counsel, who, on April 18, 2012, filed a "no-merit" letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss Nguyen's without a hearing and granted counsel's petition to withdraw.   After being granted several time extensions, Nguyen filed a response.  By order entered January 4, 2013, the PCRA court denied Nguyen's first PCRA petition.

Nguyen filed a timely appeal to this Court, which we later dismissed because Nguyen failed to file a brief.  On June 3, 2016, Nguyen filed a second *pro se* PCRA petition.  On January 10, 2017, Nguyen filed a motion to withdraw this petition, which the PCRA court granted.

On March 16, 2020, Nguyen filed the *pro se* PCRA petition at issue, his third.  **Turner**, **supra**.  The PCRA court twice denied Nguyen's motions for the appointment of counsel.  The Commonwealth filed its response to Nguyen's petition on July 9, 2021.  On July 20, 2021, the PCRA court issued a Pa.R.A.P.

---

[1] Because Nguyen's direct appeal rights were reinstated *nunc pro tunc* as a result of his first PCRA petition, this subsequent petition is considered his first PCRA petition for timeliness purposes. **Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013).

907 notice of its intent to dismiss Nguyen's without a hearing. Nguyen filed

*pro se* responses. By order entered August 30, 2021, the PCRA court denied

Nguyen's third petition as untimely. Nguyen timely appealed to this Court.

Both Nguyen and the PCRA court have complied with Pa.R.A.P. 1925.

Nguyen raises the following issues on appeal:

1. Whether the PCRA Court committed an error of law and abused [its] discretion by concluding that Nguyen's third *pro se* PCRA petition was untimely and overlooked the fact that he filed his petition within the one-year newly-discovered fact exception under 42 Pa.C.S.A. § 9545(b)(1)(ii) and (b)(2)?

2. Whether the PCRA Court committed an error of law and abused its discretion by failing to find that the Commonwealth violated [**Brady v. Maryland**, 373 U.S. 83 (1963)], and its progeny, because the prosecutor failed to disclose the existence of a deal given to Matthew Branford in exchange for his testimony against Nguyen?

Nguyen's Brief at 5 (italics added).[2]

In addressing his first issue, we consider the PCRA court's conclusion

that Nguyen's third PCRA petition was untimely filed, and that he failed to

establish a time-bar exception. The timeliness of a post-conviction petition is

jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super.

2013). Generally, a petition for relief under the PCRA, including a second or

subsequent petition, must be filed within one year of the date the judgment

---

[2] The Commonwealth did not file a brief. Thus, we deny Nguyen's motion to strike and/or preclude the Commonwealth's untimely brief as moot.

becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). Here, Miller was required to file his PCRA petition invoking one of these statutory exceptions within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Nguyen's judgment of sentence became final on September 13, 2010, ninety days after our Supreme Court denied his petition for allowance

of appeal, and the time for filing a writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Nguyen had until September 13, 2011, to file a timely petition. Because Nguyen filed his third PCRA petition in 2020, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Nguyen failed to prove an exception to the PCRA's time bar. In his *pro se* petition, Nguyen asserted he could establish the newly discovered fact exception.[3] As this Court has previously summarized:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather,

---

[3] Although Nguyen also states in his PCRA petition that he was unaware that the Commonwealth committed a ***Brady*** violation by failing to reveal its deal with Branford, he does not argue the government-interference exception to the PCRA's time bar.

as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, Nguyen claims that he only recently learned from Branford that Branford perjured himself at trial when he testified that he did not have a deal with the Commonwealth. The PCRA court found no merit to this claim because Nguyen could not establish due diligence regarding the alleged newly discovered fact, *i.e.*, that Branford actually made a deal with the Commonwealth in return for his testimony against Nguyen. The court explained:

> [Nguyen] avers that he became aware of this information on December 9, 2019 when he saw his cousin within the department of corrections facility and that he filed his petition promptly. However, this filing is more than thirteen years after his trial. In light of the familial relationship with [Branford], who is his cousin, even if there was no personal contact between them since trial, there is no explanation why [Nguyen] could not have learned the alleged "new" facts earlier and the due diligence prong is not met.

Rule 907 Notice, 7/16/21, at 4 (unnumbered).

Our review of the record supports the PCRA court's conclusion that Nguyen did not plead and prove due diligence. Nguyen's self-serving statement that he had no contact with Branford "since 2006 after their fall out when Branford testified against him" is insufficient, in and of itself, to warrant

an evidentiary hearing. Nguyen's Brief at 14. Although he states that Branford made this confession to him in a recorded prison phone call, his petition does not include a sworn affidavit from Branford. *See* Pa.R.Crim.P. 902(12)(b).

Finally, in his 2011 PCRA petition, Nguyen asserted that trial counsel was ineffective for failing to object to Branford's "false and perjured testimony" and move for a mistrial. PCRA Court Opinion, 1/4/13, at 9. Because Nguyen believed Branford perjured himself at trial in 2012, his present claim does not present a new fact. The fact that Branford, seven years later, has now confirmed Nguyen's suspicions is of no moment. At best, Branford's admissions amount to no more than a "newly willing source of previously known facts." *Commonwealth v. Ward-Green*, 141 A.3d 527, 533 (Pa. Super. 2016). Such a source does not qualify as a fact unknown to the petitioner. *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015).

The PCRA court further found that, even if it had jurisdiction to consider Nguyen substantive claim as after-discovered evidence, it would fail. A PCRA petitioner is entitled to post-conviction relief if he can establish "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). When discussing the test in the context of a PCRA appeal, our Supreme Court summarized:

[W]e have viewed this analysis in criminal cases as comprising four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial. As stated, the four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. The test applies with full force to claims arising under Section 9543(a)(2)(vi) of the PCRA. In addition, we have held the proposed new evidence must be producible and admissible.

*Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (citations omitted).

Credibility determinations are an integral part of determining whether a PCRA petitioner has presented after-discovered evidence that would entitle him to a new trial. *See*, *e.g.*, *Small*, 189 A.3d at 978-79 (remanding for the PCRA court to make relevant credibility determinations). We have stated, prior to granting a new trial based on after-discovered evidence, "a court must assess whether the alleged after-discovered evidence is of such a nature and character that it would likely compel a different verdict if a new trial is granted." *Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa. Super. 2010). "In making this determination, a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." *Id.*

Here, the PCRA court found that Nguyen could not establish the four-part test enumerated in *Small* because the "new" evidence would only be

used for impeachment and, given the other testimony presented at trial, Nguyen could not establish prejudice:

> The information alleged to be provided by [Branford] that is the basis for this PCRA filing is about an undisclosed 'deal' for his trial testimony, instructions to lie on the stand and alleged coaching by the prosecution. All would be solely impeachment testimony tending to show that his trial testimony should not be believed. The mere possibility that an item of (potentially) undisclosed information might have helped the defense does not establish materiality or the inference that the verdict would have been different.

> [Nguyen] is not asserting any new facts about the offense through this averred 'new' information testimony that would tend to show that he is not guilty of the crime for which he was convicted or that he suffered any prejudice. The trial testimony of [Branford], who is the source of the alleged "new" information, was that [Nguyen] had a .32 caliber firearm on his person on the night of the murder. The fact that [Nguyen] was in possession of the murder weapon was not contested nor was this fact obtained solely from [Branford] as the sole witness. Other witnesses similarly put the weapon in the hand of [Nguyen]. Further, [Nguyen] himself admitted to shooting the victim but contended that he did so in self-defense.

Rule 907 Notice, 7/16/21, at 5 (unnumbered). Thus, the PCRA court concluded that Nguyen's after-discovered evidence "[did] not constitute exculpatory evidence that would have changed the outcome of the trial had this information been introduced to the jury." ***Id.***

Again, our review of the record supports the PCRA court's conclusion. Given the other evidence at trial detailed above, Branford's brief testimony about gun ownership would not have altered the jury's verdict. Indeed, as the jury found Nguyen guilty of conspiracy, he would still be guilty of third-

- 12 -

degree murder, even if the evidence had revealed a different murder weapon.

**See Commonwealth v. Murphy**, 844 A.2d 1228, 1238 (Pa. 2004) (explaining that a conspirator is responsible for acts of co-conspirator done in furtherance of their agreement).

In sum, the PCRA court correctly determined that Nguyen could not meet the newly discovered fact exception to the PCRA's time bar. As such, we lack jurisdiction to address the merits of his second issue. **Derrickson**, **supra**. We therefore affirm the PCRA court's order denying Nguyen post-conviction relief.

Motion to Strike denied. Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/26/2022